ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Attorneys for Plaintiff
MEMORY APOSTOL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY APOSTOL,<br><br>          Plaintiff,<br><br>     vs.<br><br>BMW FINANCIAL SERVICES NA, LLC, A Delaware Corporation, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No:  4:15-cv-5137<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br>**(2) VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**(3) VIOLATIONS OF THE UNFAIR COMPETITION LAW**<br><br>JURY TRIAL DEMANDED |

Plaintiff Memory Apostol hereby complains against defendants BMW Financial Services NA, LLC ("BMW"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1.      Plaintiff purchased a BMW vehicle at a California dealership, and her retail installment sales contract was assigned by the dealership to an automotive lender, defendant BMW Financial Services NA, LLC.  BMW Financial repossessed plaintiff's vehicle in July, 2011, and sent her a "Notice of Intent to Dispose Of A Repossessed Or Surrendered Vehicle" ("NOI") on or about July 8, 2011.  Plaintiff did not reinstate or redeem her contract, BMW Financial sold plaintiff's vehicle, and it then assessed her a deficiency balance of over $10,000.

2.      On February 27, 2012, a consumer class action was filed against BMW Financial entitled Salimi v. BMW Financial Services NA, LLC.  The Salimi case was filed in Alameda Superior Court, then removed to the Northern District of California, and assigned case number 3:12-CV-1754 JSW.   The Salimi plaintiffs alleged that BMW Financial's post-repossession notices failed to comply with the Rees-Levering Act, Civil Code § 2983.2(a), and that therefore a class of borrowers was entitled to extinguish their deficiency balances and have their credit reports cleared of BMW Financial's derogatory notations.  The legal effect of not strictly complying with Civil Code § 2983.2(a) is that the lender loses any right to collect a deficiency balance.

3.      The Salimi case concluded with a class settlement, which was approved by the court after notice to the class.  BMW Financial agreed in the settlement, and the court's final judgment provided, that BMW Financial must extinguish the deficiency balances of all class members, return any money collected on the unlawful deficiency balances, and request deletion of its entire tradeline on class member's credit reports.  The certified class consisted of all persons:  (1) who purchased a motor vehicle in California and entered into a conditional sales

1

contract with any person or entity that was assigned to BMW Financial; (2) whose motor vehicle was repossessed or voluntarily surrendered in California, and was not reinstated or redeemed; and (3) who were issued an NOI by BMW Financial between September 6, 2008 to January 15, 2013.  Excluded from the class were persons who had filed bankruptcy proceedings, deceased persons, those who entered their retail installment sales contract or had their vehicle repossessed outside of California, persons who entered into releases with BMW Financial, and persons against whom BMW Financial had obtained a judgment prior to January 15, 2013.

4.      Plaintiff met all the criteria of the class definition in <u>Salimi</u>, and was a member of that class, entitled to all benefits of the settlement and final judgment. However, BMW Financial did not include plaintiff on the class list, and therefore she did not receive notice of the action, nor any of the settlement benefits.  BMW did not extinguish her deficiency balance, did not delete its tradeline on her credit reports, and has been reporting for years on plaintiff's credit reports that she owes a deficiency balance of over $10,000.  This has significantly harmed plaintiff's credit and inhibited her ability to obtain credit she needed.

5.      In September, 2015, plaintiff requested to the major credit reporting agencies, Experian, Equifax, and Trans Union, that they delete BMW Financial's tradeline on plaintiff's credit reports, because she was a member of the class in <u>Salimi v. BMW Financial</u>, and did not owe any deficiency balance.  The credit reporting agencies forwarded plaintiff's request to BMW Financial.  Instead of instructing the credit reporting agencies to delete its tradeline, as it should have done, BMW Financial verified to the agencies that plaintiff owed over $10,000 on a deficiency balance, and that its derogatory tradeline should remain on plaintiff's credit reports.  BMW Financial failed to conduct a reasonable investigation of plaintiff's dispute, and as a result, BMW Financial's derogatory tradeline remains today on plaintiff's credit reports, harming her credit reputation.

**JURISDICTION AND VENUE**

6.      The court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.   The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, defendant's conduct is a breach of the <u>Salimi v. BMW Financial</u> judgment which issued from this district, and because defendant is subject to the court's personal jurisdiction in this district.

**PARTIES**

8.      Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

9.      Defendant BMW Financial Services NA, LLC is a Delaware limited liability company.

10.      Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

11.      At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

**FIRST CAUSE OF ACTION**
**(Against all Defendants for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.).**

3

12.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendants are "persons" as defined by 15 U.S.C. § 1681a(b).

14.     Defendants violated 15 U.S.C. § 1681s-2(b) by, after receiving notice of plaintiff's disputes with regard to the completeness or accuracy of the information provided by defendants, failing to perform the duties imposed by 15 U.S.C. § 1681s-2(b)(1), including but not limited to (1) failing to conduct a reasonable investigation with respect to the disputed information; (2) failing to review all relevant information provided by the consumer reporting agency; (3) failing to promptly modify, delete, or permanently block the disputed information, after determining it was incomplete or inaccurate.

15.     Defendants' violations described above were willful.

16.     Defendants' violations described above were negligent.

17.     Plaintiff has suffered actual damages as a result of defendants' violations, and is entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

18.     Plaintiff is entitled to actual damages or damages of between $100 and $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

19.     Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

20.     Plaintiff is entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of  the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

21.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

4

22.     Defendants violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when defendants knew or should know have known the information was incomplete or inaccurate.

23.     Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to court costs, attorneys fees, and pain and suffering.

24.     Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

25.     Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

26.     Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief to put an end to said violations pursuant to Civil Code § 1785.31(b).

27.     Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Violations of The Unfair Competition Law, Business and Professions Code § 17200)**

28.     Plaintiff realleges and incorporates herein by reference the allegations of the paragraphs above.

29.     Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL provides that a court may order injunctive relief and restitution to affected members

of the general public as remedies for any violations of the UCL.

30.    Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed, and continue to commit, acts of unfair competition proscribed by the UCL, including the practices alleged herein.

31.    The business acts and practices of defendants, as hereinabove alleged, constitute unlawful business practices in that they constitute a breach of contract and violation of a court judgment, and violate the following statutes:  15 U.S.C. § 1681s-2(b), Civil Code § 1785.25(a), and Civil Code § 1788.17 (incorporating by reference 15 U.S.C. §§ 1692d, 1692e, and 1692f).

32.    The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

33.    The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.   Said acts and practices have no utility that outweighs their substantial harm to consumers.

34.    The unlawful, unfair and fraudulent business acts and practices of defendants described herein, present a continuing threat to plaintiff in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

35.    Pursuant to Business and Professions Code § 17203, plaintiff seeks an order enjoining defendants from engaging in such acts and practices as hereinabove alleged, and ordering that defendants provide appropriate restitution to plaintiff. Plaintiff also specifically seeks an injunction preventing defendants from further inaccurate credit reporting or debt collection activity on the relevant account.

36.     Plaintiff has lost money or property as a direct and proximate result of the unfair competition of defendants alleged herein.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For restitution;

3. For statutory damages;

4. For punitive damages;

5. For injunctive relief;

6. For pre-judgment interest to the extent permitted by law;

7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

8. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  November 9, 2015                    Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
          Alexander B. Trueblood

Attorneys for Plaintiff
MEMORY APOSTOL

7

COMPLAINT