JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
CHRISTOPHER H. DOYLE (Bar No. 190016), chd@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Defendant BMW FINANCIAL SERVICES NA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEMORY APOSTOL,<br><br>     Plaintiff,<br><br>     v.<br><br>BMW FINANCIAL SERVICES NA, LLC, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>     Defendants. | CASE NO.   4:15-cv-5137-JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:     March 11, 2016<br>Time:     9:00 a.m.<br>Ctrm:     5, 2nd Floor<br>Judge:    Honorable Jeffrey S. White |

# NOTICE OF HEARING

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 11, 2016, at 9:00 a.m.., before the Honorable Jeffrey S. White, in Courtroom 5 of the above-referenced Court located at 1301 Clay Street, 2nd Floor, Oakland, California 94612, the Court will hear oral argument on the motion of Defendant BMW Financial Services NA, LLC ("BMW") to dismiss for failure to state a claim.

# MOTION

BMW, by its undersigned counsel, acting pursuant to Rule 12(b )(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss all claims Plaintiff Memory Apostol ("Plaintiff"), has attempted to allege against it in her Complaint herein for failure to state a claim on which relief can be granted.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant BMW Financial Services NA, LLC ("BMW FS") submits this brief in support of its Motion to Dismiss Plaintiffs' Complaint ("Complaint").

## I.   INTRODUCTION AND SUMMARY OF FACTS

This case arises out of this Court's order and judgment granting approval of a class action settlement in *Salimi v. BMW Financial Services NA, LLC*, Northern District of California Case No. 4:12-CV-1754 JSW ("*Salimi*"), Docket Entry #92 (Order & Judgment).

*Salimi* alleged violations of California's Rees-Levering statute. *Salimi*, Docket Entry #1 (Removal of Complaint).  Broadly summarized, Rees-Levering provides that if a consumer defaults on his or her vehicle payments and the vehicle is repossessed, then the lender's Notice of Intent to Sell ("NOI") must provide certain information. Cal. Civ. Code, § 2983.2.  If the NOI is defective, then the lender is not allowed to retain any sums received from the consumer following the NOI and is not allowed to pursue further collection efforts. *Id.*  Rees-Levering does ***not*** provide for deletion of the trade line associated with the NOI, nor does it require the lender to mislead prospective future creditors as to the creditworthiness of the consumer.  On the contrary, Rees-Levering seeks only to punish the creditor who issued the defective NOI by preventing recovery of amounts remaining due and owing on the debt.

1  *Salimi* alleged that Defendant's NOI was defective. The parties reached a class-wide
2  settlement that afforded class members three types of relief, if applicable:

3  ➢ Money relief, in the amount equal to any payments made to Defendant by a class member after the receipt of Defendant's Notice of Intent to Sell ("NOI");

5  ➢ Injunctive relief, in the form of a commitment by Defendant not to pursue further collection efforts against class members; and

6  ➢ Injunctive relief, in the form of a written request by Defendant to the three major credit reporting agencies to *update* the trade lines of each class member so as to reflect that the debt was settled for less than the full amount owed.

8  *Salimi*, Docket Entry #60-1, at ¶¶ 3.01-3.02, ¶ 3.04, and ¶ 4.01.

9  In return, class members "released and forever discharged" Defendant from all
10 "Released Claims" as that term is defined in the Settlement Agreement. *Salimi*, DE #92, at 4:19-22.

11 During settlement negotiations, Salimi asked Defendant to agree to *delete* the trade
12 lines, but Defendant refused. So the Settlement Agreement approved by the Court does not require
13 it. If a class member discovers that their credit report continues to reflect the debt, then they are
14 obligated by the Settlement Agreement to notify Defendant, who shall then issue a class-member
15 specific instruction to the credit reporting agencies to update the status of the class member's
16 account. *Salimi*, Docket Entry #60-1, at ¶ 4.01.

17 The present Complaint illustrates perfectly the idiom "You can't have your cake and
18 eat it too." On the one hand, Plaintiff alleges she is a member of the *Salimi* class. Complaint, at ¶
19 4. Plaintiff also alleges that her account continues to reflect her debt to Defendant. *Id.*, at 2:13-16.
20 Rather than comply with the terms of the Settlement Agreement, Plaintiff took it upon herself to
21 demand that the credit reporting agencies *delete* her trade line with Defendant. *Id.*, at 2:18-21.
22 When they refused, she filed this lawsuit.

23 Confronted with the fact that the relief she seeks is not available to *Salimi* class
24 members, Plaintiff argues that she is *not* a member of the *Salimi* class because she never received
25 notice or an opportunity to opt out. However, had she opted out of the *Salimi* class settlement, then
26 she would have to bring her own lawsuit, in her own name, ***without any reference to the Salimi***
27 ***litigation***. Defendant did not admit liability to any class members in *Salimi* yet Plaintiff's
28 Complaint relies upon the benefits provided to *Salimi* class members to establish her claims and to

1  support her allegations of willful misconduct.  As the idiom above reflects, Plaintiff must make a
2  choice between two options that can never be reconciled.
3        The two possibilities are mutually exclusive.  Either Plaintiff is a member of the
4  class, as she admits, and is limited to the relief afforded to members of the *Salimi* class, or she is **not**
5  a member of the *Salimi* class, is **not** entitled to the benefits of the *Salimi* settlement, and must bring
6  her own lawsuit against Defendant through which she must establish the invalidity of the NOI under
7  Rees-Levering as part of her lawsuit, without relying upon the *Salimi* settlement to establish that
8  invalidity.
9        Because the Complaint repeatedly stresses that Plaintiff is a member of the *Salimi*
10 class, because Plaintiff never alleges that she would have opted out of the settlement had she
11 received notice, and because Plaintiff never filed a motion with this Court for relief from the *Salimi*
12 order and judgment pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) or for an enlargement of time
13 to opt out of the *Salimi* class settlement pursuant to Federal Rules 6(b), *see e.g., Breslow v.*
14 *Prudential-Bache Properties, Inc.*, 1994 WL 478611, at *1 (N.D. Ill., Sept. 1, 1994), Plaintiff is a
15 member of the *Salimi* class.

16 **II.**  **ARGUMENT**
17     **A.**  **Standards Under Federal Rule of Civil Procedure 12(b)(6)**
18     Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a claim for
19 "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss for
20 failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is
21 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d
22 929 (2007).  This means that the complaint must plead "factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
24 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a
25 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
26 unlawfully." *Id.*, 556 U.S. at 678.
27     A motion to dismiss should be granted if, accepting the facts alleged in the Complaint to be
28 true, such facts are insufficient "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). Put another way, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

As of today, by her own admission, Plaintiff is a member of the *Salimi* class and, therefore, bound to the terms of the class action settlement and this Court's Order and Judgment thereon. To be free to pursue this action, she is required first to file a motion with this Court for relief from the *Salimi* order and judgment pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6), or for an enlargement of time to opt out of the *Salimi* class settlement pursuant to Federal Rules 6(b). *See, Breslow v. Prudential-Bache*, 1994 WL 478611, at *1.

**B.     <u>The First Claim for Relief Fails to State a Claim</u>**

Plaintiff's first claim for relief alleges Defendant violated the FCRA by failing to properly investigate her dispute with the credit reporting agencies concerning the accuracy of her account. Complaint, ¶ 14. This claim fails for two reasons.

First, Plaintiff admits she is a member of the *Salimi* class. Pursuant to the Settlement Agreement approved by the Court, Plaintiff released any claims she may have against Defendant arising out of her account with the company. *Salimi*, DE #92, at 4:19-22.

The broad release approved by this Court expressly provides:

> (1) the non-excluded members of the Plaintiff Settlement Class shall be forever barred from instituting, maintaining, or prosecuting against BMW FS any claim, demand, action, cause of action or liability of any nature, whether known or unknown, suspected or unsuspected, which the non-excluded Plaintiff Settlement Class members ever had relating to the NOI's issued by BMW FS and other related claims arising under Civil Code § 2983.2 or based upon any violation of any state or federal law, other statutory or common law related to the facts alleged in the complaint on behalf of the class, and (2) BMW FS, its parent, affiliated and/or subsidiary companies, and any of their present and former officers, inside and outside directors, attorneys, accountants, agents, representatives, employees, heirs, successors and assigns shall be forever released and discharged from any and all liability with respect to such claims.

As with all class action settlements, the release language is extremely broad and covers Plaintiff's dispute as to her account. She thus released this claim as part of the court-approved settlement.

Second, the only claim that may have survived would be Defendant's compliance with the terms of the court-approved settlement, over which this Court retained continuing

jurisdiction.  *Salimi*, DE #92 at 6:8-9.  To the extent Defendant failed to properly instruct the credit reporting agencies as to Plaintiff's account, the court-approved settlement provides that Plaintiff's sole remedy is for Class Counsel to notify Defendant "in the manner set forth below that an account is being reported differently" following which Defendant "shall separately instruct the credit reporting agencies to report such accounts as having a zero balance and settled."  *Salimi*, DE #60-1, ¶ 4.01.

The reason the Court retains continuing jurisdiction is so that it may quickly and efficiently address any compliance issues that may arise.  This provision is specifically designed to avoid the filing of lawsuits driven by attorney fees which waste the Court's precious resources, over a matter that may be resolved expeditiously by the Court in its supervision of the parties and their compliance with the terms of the court-approved class action settlement.

Defendant hereby advises the Court that on or about January 22, 2016, it instructed the credit reporting agencies to update Plaintiff's account in the manner required by the *Salimi* settlement.  Accordingly, this claim for relief fails.

### C. The Second Claim for Relief Fails to State a Claim

Plaintiff's second claim for relief alleges Defendant violated California state law by failing to properly investigate her dispute with the credit reporting agencies concerning the accuracy of her account.  Complaint, ¶ 22.  It is merely the state law equivalent of Plaintiff's FCRA claim, and it fails for precisely the same reasons as those set forth above.

### D. The Third Claim for Relief Fails to State a Claim

Plaintiff's third claim for relief alleges Defendant violated California's Unfair Competition Law, and is again premised on the exact same facts as those underlying her FCRA claim – which she describes as simply acts "as hereinabove alleged." Complaint, ¶¶ 31-33.  For the same reasons outlined with respect to Plaintiff's FCRA claim, her UCL claim also falls.

## III. CONCLUSION

Plaintiff's complaint is premised on the allegation that she is a member of the *Salimi* class and therefore entitled to the benefits afforded by this Court's court-approved class-wide settlement in *Salimi*.  Plaintiff's complaint is premised on Defendant's alleged failure to comply

1   with the terms of that Settlement Agreement.  The court-approved settlement, and this Court's order

2   and judgment, provided that the remedy for any such alleged failure was to seek this Court's

3   intervention pursuant to its inherent power and continuing jurisdiction.  She is not permitted to file

4   an entirely new lawsuit seeking relief above and beyond that afforded other members of the *Salimi*

5   class.

6            In any event, because Defendant has instructed the credit reporting agencies to

7   update Plaintiff's account status, there is no longer a case or controversy requiring this Court's time

8   or attention.  Accordingly, the motion to dismiss should be granted.

10  DATED:  February 1, 2016                JEFFER MANGELS BUTLER & MITCHELL LLP
                                            MICHAEL J. HASSEN
11                                          CHRISTOPHER H. DOYLE

13                                          By: /s/ Michael J. Hassen
                                                    MICHAEL J. HASSEN
14                                           Attorneys for Defendant BMW FINANCIAL
                                              SERVICES NA, LLC