JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
CHRISTOPHER H. DOYLE (Bar No. 190016), chd@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendant BMW FINANCIAL SERVICES NA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEMORY APOSTOL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BMW FINANCIAL SERVICES NA, LLC, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.  4:15-cv-5137-JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　　April 8, 2016<br>Time:　　　9:00 a.m.<br>Ctrm:　　　5, 2nd Floor<br>Judge:　　　Honorable Jeffrey S. White |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF FACTS ..................................................................................................... 2

III. ARGUMENT........................................................................................................................ 5

    A. Standards Under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) ........... 5

    B. Plaintiff Lacks Standing as She has Received All Relief Afforded Under *Salimi* ............................................................................................................... 5

    C. The CCRAA Claim is Preempted ................................................................... 8

    D. The CCRAA Claim is Time Barred................................................................ 9

    E. The CCRAA Claim for Relief Fails to State a Claim for 27 Violations ....... 10

IV. CONCLUSION.................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ..........................................................................................5

*Austin v. Ford Models, Inc.*,
  149 F.3d 148 (2d Cir. 1998) ........................................................................................................3

*Banga v. Equifax Info. Servs., LLC*,
  473 Fed.Appx. 712 (9th Cir. 2012) ....................................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................................................5

*Breslow v. Prudential-Bache Properties, Inc.*,
  1994 WL 478611 (N.D. Ill., Sept. 1, 1994) .............................................................................4, 6

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. ___ (Jan. 20, 2016) (Slip Opn., at 6.) .........................................................................8

*Grunin v. Int'l House of Pancakes*,
  513 F.2d 114 (8th Cir. 1975) .......................................................................................................6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .....................................................................................................6

*In re Enron Corp.*,
  370 B.R. 583 (S.D.N.Y. Bankr. 2007) .......................................................................................4

*In re FleetBoston Fin. Corp. Sec. Litig.*,
  2007 WL 4225832 (D.N.J. Nov.28, 2007) ..............................................................................3, 4

*In re LG Phillips Displays USA, Inc.*,
  395 B.R. 864 (D.Del. Bankr. 2008) ............................................................................................3

*Kohler v. CJP, Ltd.*,
  818 F.Supp.2d 1169 (C.D. Cal. 2011) .......................................................................................5

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ............................................................5

*Olson v. Six Rivers Nat'l Bank*,
  111 Cal.App.4th 1 (Cal.App. 2013) ..........................................................................................11

*State of West Virginia v. Chas. Pfizer & Co.*,
  440 F.2d 1079 (2d Cir. 1971) .....................................................................................................6

# TABLE OF AUTHORITIES
# [CONTINUED]

Page(s)

*Stock West, Inc. v. Confederated Tribes*,
    873 F.2d 1221 (9th Cir. 1989) ..................................................................................................5

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ..................................................................3

*Tempelman v. Trans Union, LLC*,
    2015 WL 337651 (D.N.J. Jan. 22, 2015) .................................................................................11

*Valdez v. United States*,
    837 F.Supp. 1065 (E.D. Cal. 1993), *aff'd*, 56 F.3d 1177 (9th Cir.1995) .................................5

*Wang v. Asset Acceptance, LLC*,
    681 F.Supp.2d 1143 (N.D. Cal. 2010) ...................................................................................8, 9

*West Run Student Housing Associates, LLC v. Huntington Nat. Bank*,
    2012 WL 1739820 (W.D. Pa., May 15, 2012), 712 F.3d 165(3d Cir. 2013) ...................4, 8, 9, 10

**STATUTES**

15 U.S.C.
    § 1681s-2(b)(1) .........................................................................................................................9

California Civil Code
    § 1785.25(a) .........................................................................................................................8, 10
    § 1785.25(c) ...........................................................................................................................8, 9
    § 1785.33 .................................................................................................................................10
    § 2983.2 .................................................................................................................................2, 6

California Consumer Credit Reporting Agencies Act .................................................................. passim

Fair Credit Reporting Act ............................................................................................................. passim

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
    Rule 6(b) ................................................................................................................................4, 6
    Rule 12(b)(1) .........................................................................................................................1, 5
    Rule 12(b)(6) .........................................................................................................................1, 5
    Rule 60(b)(4) and (6) .............................................................................................................4, 6

# NOTICE OF HEARING

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 8, 2016, at 9:00 a.m.., before the Honorable Jeffrey S. White, in Courtroom 5 of the above-referenced Court located at 1301 Clay Street, 2nd Floor, Oakland, California 94612, the Court will hear oral argument on the motion of Defendant BMW Financial Services NA, LLC ("BMW FS") to dismiss for failure to state a claim.

# MOTION

BMW FS, by its undersigned counsel, acting pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the claim Plaintiff Memory Apostol ("Plaintiff") has attempted to allege against it for failure to state a claim on which relief can be granted and for lack of Article III standing.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant BMW Financial Services NA, LLC ("BMW FS") submits this brief in support of its Motion to Dismiss Plaintiff's First Amended Complaint.

## I.    INTRODUCTION

This case arises out of this Court's order and judgment granting approval of a class action settlement in *Salimi v. BMW Financial Services NA, LLC*, Northern District of California Case No. 4:12-CV-1754 JSW ("*Salimi*"), Docket Entry #92 (Order & Judgment). Plaintiff insisted in her original complaint, and repeats in her amended complaint, that she is a member of the *Salimi* class. *See* Cmpl. ¶ 4, First Am. Cmpl., ¶ 7.

For present purposes, whether that allegation is in fact true is immaterial. If Plaintiff were to have alleged that she was struck by Driver A while crossing a street in Florida and suffered $500 in medical damages, Driver A is under no obligation to spend thousands of dollars to prove that he was, at the time, vacationing in Hawaii. He may instead respond, "Fine. Here is your $500."

Similarly here, while Defendant disputes that Plaintiff is a member of the *Salimi* class, she has repeatedly insisted that she is such a member and, accordingly, Defendant may accept that representation for purposes of this motion to dismiss. As explained below, Plaintiff has received all benefits afforded to members of the *Salimi* class, so she lacks Article III standing.

1    Moreover, the amendments to the original complaint smack of gamesmanship. The original
2    complaint sought damages under the Fair Credit Reporting Act ("FCRA") and California Consumer
3    Credit Reporting Agencies Act ("CCRAA") seeking statutory and punitive damages of no more
4    than $6,000. *See* Cmpl. ¶¶ 18, 25. At the Initial Status Conference, heard by this Court on
5    February 12, 2016, Plaintiff's counsel outlined for the Court the extensive discovery that he
6    intended to pursue. The Court educated Plaintiff's counsel that now discovery in federal court
7    additionally was subject to an inquiry into proportionality. The amended complaint, prepared by
8    the same attorneys and now limited to an alleged violation of only the CCRAA, seeks statutory and
9    punitive damages in excess of $400,000. *See* First Am. Cmpl., ¶ 19. This amendment is patently
10   intended to "plead around" the proportionality limitation on discovery and should be rejected. In
11   any event, as explained below, case law holds that the allegations in the complaint support but a
12   single violation of the CCRAA, not 27 separate violations so, at the very least, the Court must grant
13   the motion to dismiss and require Plaintiff amend so as to assert one violation, consistent with her
14   original complaint.
15   Finally, the amended complaint fails to state a claim under the CCRAA as it is, in any event,
16   preempted by federal law. Accordingly, Defendant respectfully requests that the amended
17   complaint be dismissed.

18   **II.    SUMMARY OF FACTS**

19   *Salimi* alleged violations of California's Rees-Levering statute. *Salimi*, Docket Entry #1
20   (Removal of Complaint). Broadly summarized, Rees-Levering provides that if a consumer defaults
21   on his or her vehicle payments and the vehicle is repossessed, then the lender's Notice of Intent to
22   Sell ("NOI") must provide certain information. Cal. Civ. Code, § 2983.2. If the NOI is defective,
23   then the lender is not allowed to retain any sums received from the consumer following the NOI and
24   is not allowed to pursue further collection efforts. *Id.* Rees-Levering does ***not*** provide for deletion
25   of the trade line associated with the NOI, nor does it require the lender to mislead prospective future
26   creditors as to the creditworthiness of the consumer. On the contrary, Rees-Levering seeks only to
27   punish the creditor who issued the defective NOI by preventing it from recovering amounts
28   remaining due and owing on the debt.

Case 4:15-cv-05137-JSW   Document 27   Filed 03/04/16   Page 7 of 16

1   *Salimi* alleged that Defendant's NOI was defective. The parties reached a class-wide

2   settlement that afforded class members three types of relief, if applicable:

3   ➢   Money relief, in the amount equal to any payments made to Defendant by a class member after the receipt of Defendant's Notice of Intent to Sell ("NOI");

4

5   ➢   Injunctive relief, in the form of a commitment by Defendant not to pursue further collection efforts against class members; and

6   ➢   Injunctive relief, in the form of a written request by Defendant to the three major credit reporting agencies to *update* the trade lines of each class member so as to reflect that the debt was settled for less than the full amount owed.

7

8   *Salimi*, Docket Entry #60-1, at ¶¶ 3.01-3.02, ¶ 3.04, and ¶ 4.01.

9   In return, class members "released and forever discharged" Defendant from all "Released

10   Claims" as that term is defined in the Settlement Agreement.  *Salimi*, DE #92, at 4:19-22.

11   During settlement negotiations, Salimi asked Defendant to agree to *delete* the trade lines, but

12   Defendant refused and the Settlement Agreement approved by the Court does not require it.  If a

13   class member discovers that their credit report continues to reflect the debt, then they are obligated

14   by the Settlement Agreement to notify Defendant, who shall then issue a class-member specific

15   instruction to the credit reporting agencies to update the status of the class member's account.

16   *Salimi*, Docket Entry #60-1, at ¶ 4.01.

17   The present Complaint illustrates perfectly the idiom "You can't have your cake and eat it

18   too."  On the one hand, Plaintiff alleges she is a member of the *Salimi* class.  First Am. Cmpl., ¶ 7.

19   Plaintiff also alleges that her account continues to reflect her debt to Defendant. *Id.*, at 4:5-7.

20   Rather than comply with the terms of the Settlement Agreement, Plaintiff took it upon herself to

21   demand that the credit reporting agencies *delete* her trade line with Defendant.  Cmpl., at 2:18-21.

22   When they refused, she filed this lawsuit.

23   Plaintiff cannot alter these facts simply by omitting them from her amended complaint.

24   "***Allegations in a complaint are binding admissions; a party is bound by the admissions made in***

25   ***his original complaint and cannot simply erase these details by omitting them from his amended***

26   ***complaint.*** *See, e.g., Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998), *abrogated on*

27   *other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *In*

28   *re LG Phillips Displays USA, Inc.*, 395 B.R. 864, 869 (D.Del. Bankr. 2008); *In re FleetBoston Fin.*

- 3 -   BMW'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; Case No. 15-cv-5137-JSW

PRINTED ON
RECYCLED PAPER
SF 2107136v1

1  *Corp. Sec. Litig.*, 2007 WL 4225832, at *29 (D.N.J. Nov.28, 2007); *In re Enron Corp.*, 370 B.R.

2  583, 597-98 (S.D.N.Y. Bankr. 2007)." *West Run Student Housing Associates, LLC v. Huntington*

3  *Nat. Bank*, 2012 WL 1739820, at *6 (W.D. Pa., May 15, 2012), *aff'd in part, vacated in part,*

4  *remanded*, 712 F.3d 165(3d Cir. 2013).

Confronted with the fact that the relief she seeks is not available to *Salimi* class members, Plaintiff argues that she is **not** a member of the *Salimi* class because she never received notice or an opportunity to opt out. However, had she opted out of the *Salimi* class settlement, then she would have to bring her own lawsuit, in her own name, **without any reference to the Salimi litigation**. Defendant did not admit liability to any class members in *Salimi* yet Plaintiff's Complaint relies upon the benefits provided to *Salimi* class members to establish her claims and to support her allegations of willful misconduct. As the idiom above reflects, Plaintiff must make a choice between two options that cannot be reconciled.

The two possibilities are mutually exclusive. Either Plaintiff is a member of the class, as she admits, and is limited to the relief afforded to members of the *Salimi* class, or she is **not** a member of the *Salimi* class, is **not** entitled to the benefits of the *Salimi* settlement, and must bring her own lawsuit against Defendant through which she must establish the invalidity of the NOI under Rees-Levering as part of her lawsuit, without relying on the *Salimi* settlement to establish that invalidity.

Because the Complaint repeatedly stresses that Plaintiff is a member of the *Salimi* class, because Plaintiff never alleges that she would have opted out of the settlement had she received notice, and because Plaintiff never filed a motion with this Court for relief from the *Salimi* order and judgment pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) or for an enlargement of time to opt out of the *Salimi* class settlement pursuant to Federal Rule 6(b), *see e.g., Breslow v. Prudential-Bache Properties, Inc.*, 1994 WL 478611, at *1 (N.D. Ill., Sept. 1, 1994), Plaintiff is limited to the relief afforded to members of the *Salimi* class, and as she has received all such relief, she lacks Article III standing to pursue this action.

Additionally, the amended complaint fails to state a claim under the CCRAA because the claim it seeks to assert is preempted by federal law. For the reasons set forth below, Defendant respectfully requests that the action be dismissed.

PRINTED ON RECYCLED PAPER
SF 2107136v1

## III. ARGUMENT

### A. Standards Under Federal Rule of Civil Procedure 12(b)(1) and (b)(6)

A motion to dismiss under Rule 12(b)(1) may be brought "either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration." *Kohler v. CJP, Ltd.*, 818 F.Supp.2d 1169, 1172 (C.D. Cal. 2011) (citations omitted). "There is an important difference between Rule 12(b)(1) motions attacking the complaint on its face and those that rely on extrinsic evidence. In ruling on the former, courts must accept the allegations of the complaint as true. *See Valdez v. United States*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd*, 56 F.3d 1177 (9th Cir.1995)." *Kohler*, at 1172. "The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)." *Kohler*, at 1172.

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678.

A motion to dismiss should be granted if, accepting the facts alleged in the Complaint to be true, such facts are insufficient "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Put another way, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

### B. Plaintiff Lacks Standing as She has Received All Relief Afforded Under *Salimi*

Plaintiff admits she is a member of the *Salimi* class, and for purposes of this challenge under Rule 12(b)(1) the Court must accept that allegation as true. Contradicting herself, Plaintiff alleges

- 5 -   BMW'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; Case No. 15-cv-5137-JSW

also that she is not a member and/or not bound by the terms of the *Salimi* settlement because she did not receive notice. First Am. Cmpl., ¶ 7. This is wrong as a matter of law.

The purpose of a class action settlement is to bind absent class members even if they did not receive notice. *See State of West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079 (2d Cir. 1971) (upholding notice to class even though absent class members might not receive notice and therefore recover no funds from the settlement yet still be barred from future litigation); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975) (upholding notice even though the record revealed about 90 absent class members did not receive notice). If a party learns that notice was not sent to a class member, the remedy is to move the Court to set aside the final order of settlement and reopen the proceedings. *See e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (noting district court granted motion to set aside and reopen); *Breslow v. Prudential-Bache Properties, Inc.*, 1994 WL 478611, at *1 (N.D. Ill. Sept. 1, 1994).

Here, Plaintiff never filed a motion with this Court for relief from the *Salimi* order and judgment pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) or for an enlargement of time to opt out of the *Salimi* class settlement pursuant to Federal Rule 6(b). Accordingly, based on her admission that she is a member of the *Salimi* class and should have received notice of the settlement therein, Plaintiff is bound by the terms of this Court's order and judgment entered in *Salimi*.

Pursuant to the Settlement Agreement approved by the Court, Plaintiff released any claims she may have against BMW FS arising out of her account. *Salimi*, DE #92, at 4:19-22.

The release language approved by this Court expressly provides:

> (1) the non-excluded members of the Plaintiff Settlement Class shall be forever barred from instituting, maintaining, or prosecuting against BMW FS any claim, demand, action, cause of action or liability of any nature, whether known or unknown, suspected or unsuspected, which the non-excluded Plaintiff Settlement Class members ever had relating to the NOI's issued by BMW FS and other related claims arising under Civil Code § 2983.2 or based upon any violation of any state or federal law, other statutory or common law related to the facts alleged in the complaint on behalf of the class, and (2) BMW FS, its parent, affiliated and/or subsidiary companies, and any of their present and former officers, inside and outside directors, attorneys, accountants, agents, representatives, employees, heirs, successors and assigns shall be forever released and discharged from any and all liability with respect to such claims.

1   As with all class action settlements, the release language is extremely broad and covers Plaintiff's

2   dispute as to her account. She thus released this claim as part of the court-approved settlement.

3         The only claim that may have survived would be Defendant's compliance with the terms of

4   the court-approved settlement, over which this Court retained continuing jurisdiction. *Salimi*, DE

5   #92 at 6:8-9. To the extent Defendant failed to properly instruct the credit reporting agencies as to

6   Plaintiff's account, the court-approved settlement provides that Plaintiff's sole remedy is to notify

7   Defendant "in the manner set forth below that an account is being reported differently" following

8   which Defendant "shall separately instruct the credit reporting agencies to report such accounts as

9   having a zero balance and settled." *Salimi*, DE #60-1, ¶ 4.01.

10        The reason the Court retains continuing jurisdiction is so that it may quickly and efficiently

11  address any compliance issues that may arise. This provision is specifically designed to avoid the

12  filing of lawsuits driven by attorney fees which waste the Court's precious resources, over a matter

13  that may be resolved expeditiously by the Court in its supervision of the parties and their

14  compliance with the terms of the court-approved class action settlement.

15        As noted above, as a member of the *Salimi* class that Plaintiff asserts herself to be, she is

16  entitled to only two forms of relief: (1) injunctive relief, in the form of a commitment by Defendant

17  not to pursue further collection efforts against class members; and (2) injunctive relief, in the form

18  of a written request by Defendant to the three major credit reporting agencies to ***update*** the trade

19  lines of each class member so as to reflect that the debt was settled for less than the full amount

20  owed. *Salimi*, Docket Entry #60-1, at ¶¶ 3.04 and 4.01.

21        In the motion to dismiss filed in response to Plaintiff's original complaint, Defendant

22  advised the Court that on or about January 22, 2016, it instructed the credit reporting agencies to

23  update Plaintiff's account in the manner required by the *Salimi* settlement. Defendant reiterates that

24  representation here. Because Plaintiff has received all relief to which a member of the *Salimi* class

25  was entitled, there is no case or controversy for this Court to resolve. Plaintiff's claim for relief

26  fails.

27        The Supreme Court has held, "Article III of the Constitution limits federal-court jurisdiction

28  to 'cases' and 'controversies.' [Citation.] We have interpreted this requirement to demand that 'an

- 7 -   BMW'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; Case No. 15-cv-5137-JSW

actual controversy…be extant at all stages of review, not merely at the time the complaint is filed.' [Citation.] 'If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the action can no longer proceed and must be dismissed as moot.' [Citation.]" *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___ (Jan. 20, 2016) (Slip Opn., at 6.)

Because there is no case or controversy, Plaintiff lacks standing to pursue this action.

### C.     The CCRAA Claim is Preempted

Plaintiff claims Defendant violated the CCRAA by failing to properly investigate her dispute with the credit reporting agencies concerning the accuracy of her account.  Cmpl., ¶ 14. Again, as a matter of law, Plaintiff cannot erase this "inconvenient" allegation by omitting it from her amended complaint because her allegation is a binding admission.  *West Run Student Housing*, 2012 WL 1739820, at *6 and cases cited therein.

This Court already has addressed the question of whether a plaintiff may plead a CCRAA claim under California Civil Code section 1785.25(c) as one under section 1785.25(a) in order to avoid federal preemption, and held that she may not.  *See Wang v. Asset Acceptance, LLC*, 681 F.Supp.2d 1143 (N.D. Cal. 2010).

Section 1785.25(a) provides:  "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

Section 1785.25(c) provides:  "So long as the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer."

*Wang* holds that "subsection (c) is preempted by the FCRA, but subsection (a) is not.… Hence if [plaintiff's] allegations really give rise to a claim under subsection (c), then his cause of action should be dismissed as preempted."  *Wang*, at 1147.

This Court then observed that Wang alleged that the defendant reported debts to credit

1  reporting agencies ("CRAs") without notification that the debts were disputed "despite being

2  notified by consumers that the debts were disputed." *Id.*  The Court held that this claim was

3  preempted because "[t]his obligation to notify CRAs of disputed debts is clearly and unambiguously

4  addressed by the California legislature in section 1785.25(c) of the CCRAA." *Id.*, at 1147-48.

5  Similarly here, in her original complaint Plaintiff alleges that **Defendant violated 15 U.S.C.**

6  **§ 1681s-2(b) of the FCRA** "by, after receiving notice of plaintiff's disputes with regard to the

7  completeness or accuracy of the information provided by defendants, failing to perform the duties

8  imposed by 15 U.S.C. § 1681s-2(b)(1)," Cmpl. ¶ 14.

9  As the *Wang* court found, "Section 1681s-2(b) imposes additional duties on furnishers of

10  information ***that are triggered only when the furnisher receives notice from a CRA that a***

11  ***consumer disputes the information.***"  *Wang*, at 1146 (italics added).  *Wang* held that "Since

12  subsection (a) does not include an obligation to notify CRAs of disputed debts, Wang cannot rely on

13  that subsection in his second cause of action.  Instead, Wang's allegations concerning Asset's

14  misconduct clearly give rise to a cause of action under subsection (c).  However, as Wang concedes,

15  the FCRA preempts section 1785.25(c) of the CCRAA." *Id.*, at 1148.

16  The same reasoning applies here.  In her original complaint, Plaintiff admits that the

17  gravamen of her complaint is that Defendant failed to comply with section 1681s-2(b) of the FCRA,

18  which governs and preempts consumer disputes that fall within section 1785.25(c) of the CCRAA.

19  Plaintiff cannot whitewash this fact by omitting her FCRA claim and Paragraph 14 of her original

20  complaint from her amended pleading because allegations in the original complaint are binding

21  admissions.  *West Run Student Housing*, 2012 WL 1739820, at *6 and cases cited therein.

22  Accordingly, Plaintiff's CCRAA claim is preempted by federal law and must be dismissed.

23  **D.     The CCRAA Claim is Time Barred**

24  In an effort to artificially inflate her damages claim for the improper purpose of gaming the

25  discovery process, Plaintiff removes the admission in her original complaint that she did not contact

26  the credit reporting agencies about the tradeline concerning Defendant until September 2015, *see*

27  Cmpl., ¶ 5, and now alleges that Defendant violated the CCRA no later than October 24, 2013, *see*

28

- 9 -  BMW'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; Case No. 15-cv-5137-JSW

PRINTED ON
RECYCLED PAPER
SF 2107136v1

First Am. Cmpl., ¶¶ 5-6.  This attempt to add 24 additional violations to her complaint, however, establishes that her claim is time-barred.

Plaintiff admitted in her original complaint that Defendant sent her an NOI regarding her account on July 8, 2011, and that when she failed to redeem her vehicle Defendant "then assessed her a deficiency balance of over $10,000."  Cmpl., ¶ 1.  We note yet again that Plaintiff cannot avoid the consequences of damaging admissions in her original complaint by omitting them.  The allegations in her original complaint are binding admissions and trump contrary (or absent) allegations in her amended pleading.  *West Run Student Housing*, 2012 WL 1739820, at *6 and cases cited therein.

The statute of limitations for CCRAA claims is two years.  Cal. Civ. Code, § 1785.33.  *See also Banga v. Equifax Info. Servs., LLC*, 473 Fed.Appx. 712, 713 (9th Cir. 2012) (holding district court "properly granted summary judgment [on the FCRA and CCRAA claims] on statute of limitations grounds because Banga failed to file her action within two years of when she knew or should have known that defendant disclosed her credit report to third parties for promotional or other improper purposes").

Plaintiff filed this lawsuit on November 9, 2015.  Thus, whether the Court uses the July 8, 2011 date, or the October 24, 2013 date, Plaintiff's action is time-barred and her complaint must be dismissed.

### E.   The CCRAA Claim for Relief Fails to State a Claim for 27 Violations

Assuming *arguendo* Plaintiff obtained relief from the *Salimi* order and judgment or was otherwise entitled to pursue this action, the amended complaint fails to state a claim for 27 separate violations of the CCRAA.

California Civil Code section 1785.25(a) prohibits furnishing incomplete or inaccurate information concerning a consumer "on a *specific* transaction or experience" (italics added).  Here, the *specific* transaction underlying Plaintiff's CCRAA claim is the tradeline concerning Defendant's report "that plaintiff owed approximately $10,000 for a deficiency balance which had been 'charged off.'"  First. Am. Cmpl., at 2:6-7.  As the New Jersey federal court held in addressing an identical claim under the FCRA, seeking to recover damages for each monthly violation of the same report is

1 duplicative because "Section 1681i(c) does not provide consumers with a new and distinct cause of
2 action for each month in which the CRA does not note a dispute." *Tempelman v. Trans Union,*
3 *LLC*, 2015 WL 337651, *5 (D.N.J. Jan. 22, 2015) (striking 25 claims for relief as duplicative of the
4 two different transactions at issue).

5 The same is true here. *See Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (Cal.App.
6 2013) (holding that because the CCRAA "is substantially based on the Federal Fair Credit
7 Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to
8 substantial weight when interpreting the California provisions"). There is but *one* specific
9 transaction here at issue, as conceded in Plaintiff's original complaint seeking damages for a single
10 violation of the CCRAA. *See* Cmpl., ¶ 22. If this were not the case, then the statute of limitations
11 on an FCRA or CCRAA claim would never expire as a "new" claim would arise each and every
12 month. There is no case or secondary authority supporting such an interpretation of the statute, and
13 Ninth Circuit authority is to the contrary. *See e.g., Banga v. Equifax*, 473 Fed.Appx. at 713
14 (affirming district court order granting summary judgment on FCRA and CCRAA claims).

15 Accordingly, at the very least, the motion to dismiss should be granted for failure to state 27
16 separate violations of the CCRAA, and Plaintiff directed to file an amended complaint that sets
17 forth but a single alleged violation, consistent with her original complaint.

18 **IV.   CONCLUSION**

19 Plaintiff's complaint is premised on the allegation that she is a member of the *Salimi* class
20 and therefore entitled to the benefits afforded by this Court's court-approved class-wide settlement
21 in *Salimi*. Plaintiff's complaint is premised on Defendant's alleged failure to comply with the terms
22 of that Settlement Agreement. The court-approved settlement, and this Court's order and judgment,
23 provided that the remedy for any such alleged failure was to seek this Court's intervention pursuant
24 to its inherent power and continuing jurisdiction. She is not permitted to file an entirely new
25 lawsuit seeking relief above and beyond that afforded other members of the *Salimi* class. In any
26 event, because Defendant has instructed the credit reporting agencies to update Plaintiff's account
27 status, there is no longer a case or controversy requiring this Court's time or attention. Accordingly,
28 the motion to dismiss should be granted.

PRINTED ON RECYCLED PAPER
SF 2107136v1

1   Further, Plaintiff's claim for relief is time-barred, as suit was filed well outside the
2 applicable two-year statute of limitations.
3   Finally, the amended complaint fails to state a claim under the CCRAA as it is preempted by
4 federal law.
5   At the very least the Court must grant the motion to dismiss with leave to amend but a single
6 violation of the CCRAA, consistent with Plaintiff's original complaint.  Plaintiff's attempt to create
7 27 separate and distinct violations based on a single specific tradeline fails as a matter of law,
8 contradicts Plaintiff's original pleading, and improperly seeks to plead around the proportionality
9 limitations on discovery that should govern this case.

11 DATED:  March 4, 2016                    JEFFER MANGELS BUTLER & MITCHELL LLP
                                            MICHAEL J. HASSEN
12                                          CHRISTOPHER H. DOYLE


14                                          By: /s/ Michael J. Hassen
                                                    MICHAEL J. HASSEN
15                                          Attorneys for Defendant BMW FINANCIAL
                                            SERVICES NA, LLC