ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER   Bar No. 066401
NANCY BARRON        Bar No. 099278
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

Attorneys for Plaintiff
MEMORY APOSTOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY APOSTOL, <br><br> Plaintiff, <br><br> vs. <br><br> BMW FINANCIAL SERVICES NA, LLC, A Delaware Corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case Number: 4:15-cv-5137 JSW <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:  April 8, 2016 <br> Time: 11:00 a.m. <br> Dept:   Courtroom 5, 2nd Floor (Oakland) <br><br> Hon. Jeffrey S. White |

# I.     Introduction

Pursuant to the Court Order of March 9, 2016, the parties submit this Joint Case Management Statement.  The parties previously submitted, on or about February 3, 2016, a FRCP 26 Joint Report, and the parties refer the court to that document for the basic facts of the case.

## II.     Motion to Dismiss

Defendant BMW Financial filed a motion to dismiss, which is set for hearing on April 8, 2016, the same date as the case management conference.  The parties' respective positions on that motion are contained in the moving, opposition, and reply papers.

## III.     Discovery

### A.  Plaintiff's Statement

At the recent Rule 26 conference, the Court stayed discovery in this matter, until after the motion to dismiss is decided.  Plaintiff requests that if the motion to dismiss is denied, that the discovery stay be lifted.  Plaintiff will require discovery in at least the following categories:

1.  Why and how Ms. Apostol was not provided class notice in *Salimi*.  This issue is relevant to rebut BMW Financial's proposed defense of *res judicata*.

2.  When and how BMW Financial learned that the post-repossession notice it had sent to Apostol was defective under the Rees-Levering Act, Civil Code § 2983.2(a).  This discovery will include the identity of the persons who read the First Amended Complaint in *Salimi*, since that complaint identified the legal violations which are contained in Apostol's notice, and was served on BMW Financial in October, 2013.

3.  The history of BMW Financial's credit reporting as to Ms. Apostol, including what data was reported each month from July, 2011 through the present, and whether any data was requested to be modified or deleted.

4.  The repossession of Ms. Apostol's vehicle by BMW Financial, and the contents and mailing of the post-repossession notice which plaintiff claims is defective under the Rees-Levering Act.

5.  The identities of the BMW Financial personnel who issued and mailed plaintiff's post-repossession notice.

6.  Any corrections that BMW Financial later made to the form template of the post-repossession notice sent to Apostol.

7.  Discovery tailored to uncover the extent to which BMW Financial acted "willfully" in making its credit reporting as to plaintiff, in order to ascertain the amount of punitive damages available under the Consumer Credit Reporting Agencies Act, Civil Code § 1785.31.  This would include BMW Financial's knowledge of its Rees-Levering Act violations, the existence of other lawsuits alleging the same violations, and the existence of other lawsuits alleging credit reporting law violations.

### B.  Defendant's Statement

This case concerns the sending of duplicative reports regarding a ***single*** financial transaction to credit reporting agencies on a monthly basis.  As a matter of law, this constitutes, at best, but a ***single*** violation of the CCRAA.  *See Tempelman v. Trans Union, LLC*, 2015 WL 337651, *5 (D.N.J. Jan. 22, 2015) (striking 25 of 27 claims for relief as duplicative where the allegations involved but two different financial transactions and rejecting plaintiff's argument that issuing repeated monthly reports concerning the same trade line constituted separate violations of the FCRA); *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (Cal.App. 2013) (holding that because the CCRAA is "substantially based" on the FCRA, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions").

That this case involves but a single violation of the CCRAA is confirmed by the claims for relief set forth in the original complaint.  Plaintiff's counsel has

provided no explanation for why the original complaint set forth but a single violation of the CCRAA, but the amended complaint – drafted after this Court advised plaintiff's counsel that the new proportionality requirement governing discovery would limit the scope of discovery permitted as there was so little money at stake – claims that the identical allegations support dozens of violations of the CCRAA.

If the Court denies the Motion to Dismiss, it should hold that the amended complaint supports at best but a single violation of the CCRAA, striking the remaining claims as duplicative as the district court did in *Tempelman*.  As this is but a small claims matter, if the Court denies the Motion to Dismiss, then Defendant will likely simply pay the statutory penalty as it will be less expensive then fighting the case on the merits.  In any event, the dollar amount at issue is but a few thousand dollars – as confirmed by the original complaint – and does not warrant the extensive discovery proposed by Plaintiff.

Dated:  April 4, 2016           TRUEBLOOD LAW FIRM

                                KEMNITZER, BARRON & KRIEG LLP


                                By_____/s/_____

                                Alexander B. Trueblood
                                Counsel for Plaintiff Memory Apostol

                                JEFFER MANGELS BUTLER & MITCHELL LLP

Dated:  April 4, 2016           By_____/s/_____

                                Michael J. Hassen
                                Counsel for Defendant BMW Financial