UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY APOSTOL,<br><br>    Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC,<br><br>    Defendant. | Case No. 15-cv-05137-JSW<br><br>**TENTATIVE RULING AND NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 27 |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 8, 2016 AT 11:00 A.M.

    The parties shall be prepared to address the questions below at the hearing. The Court has reviewed the parties' briefs, and the parties shall not repeat the arguments set forth therein.

    The parties shall not file written responses to this Notice of Questions for Hearing. If the parties intend, at the hearing, to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    1.    The first argument in Defendant's motion to dismiss is that Plaintiff lacks standing because she has received all relief afforded under the class settlement in *Salimi v. BMW Financial Services NA, LLC*, No. 12-cv-01754-JSW. The Court notifies the parties that it is tentatively inclined to reject this argument. Plaintiff's First Amended Complaint is unambiguous that:

> The *Salimi* case concluded with a class settlement, which was approved by the court. Although plaintiff fell within the literal class definition in the written settlement agreement, she ultimately was not treated as a member of the class and is not bound by the judgment, settlement, or release. This is because BMW Financial did not give plaintiff any notice of the lawsuit. BMW Financial left plaintiff off the class list, and did not mail her a class notice or give her the opportunity to opt-out.

(First Amended Complaint, ¶ 7.) This is consistent with the allegations of Plaintiff's original Complaint in this action. (Complaint, ¶ 4.) In her opposition brief, Plaintiff expressly disclaims any intention to rely on *Salimi* to prove her claims in this action. (*E.g.*, Opp. at 9 ("Plaintiff will prove the elements of her claims, including the violations of the Rees-Levering Act, without invoking the terms of the *Salimi* settlement or judgment.").) The Court tentatively finds that because Plaintiff was not provided with the notice required by Federal Rule of Civil Procedure 23(c)(2)(B), she is not bound by the settlement in *Salimi*. The Court does not require oral argument on this issue.

2. The second argument in Defendant's motion to dismiss is that Plaintiff's claim under the California Consumer Credit Reporting Agencies Act ("CCRAA") is preempted. Defendant relies on *Wang v. Asset Acceptance, LLC*, 681 F. Supp. 2d 1143, 1147-48 (N.D. Cal. 2010). In *Wang*, a judge of the Northern District of California held that California Civil Code section 1785.25(c) is preempted by the Federal Fair Credit Reporting Act ("FCRA"),[1] but section 1785.25(a) is not.[2] *Id.* In *Wang*, the plaintiff tried to assert his claim under section 1785.25(a), in order to avoid preemption, but the court held that the claim actually arose under section 1785.25(c), and therefore, was preempted. *Id.* Defendant contends that the same is true here.

In *Wang*, the plaintiff repeatedly alleged in the CCRAA cause of action that the defendant failed to provide notice that the information provided to the consumer credit reporting agency was

---

[1] Section 1785.25(c) provides: "So long as the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer."

[2] Section 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

2

disputed by the consumer. *Id.* at 1147. Here, in contrast, Plaintiff's CCRAA cause of action does not include any such allegations. (First Amended Complaint, ¶¶ 14-21.) Elsewhere in the First Amended Complaint, in the "Operative Facts" section, the third sentence in Paragraph 6 reads: "BMW Financial also failed to report plaintiff's account as disputed, and thus also communicated incomplete information about the account." However, Paragraph 6 also alleges other ways in which Defendant reported incomplete or inaccurate information under the section 1785.25(a).

    a.    Should the Court, instead of holding that Plaintiff's CCRAA claim is preempted, simply strike the third sentence of Paragraph 6 from the Complaint?

    b.    Should the Court consider as relevant to any issue the fact that Plaintiff narrowed her Amended Complaint to remove the theory of liability based on section 1785.25(c)? *See Shirley v. University of Idaho*, 800 F.3d 1193, 1194-95 (9th Cir. 2015) (concurring opinions discussing whether inconsistency with a prior complaint is a basis for dismissing a later amended complaint).

3.    The third argument in Defendant's motion to dismiss is that Plaintiff's CCRAA claim is time-barred.

    a.    Defendant contends in its reply brief that because it is a good practice for a consumer to check her credit report once a year, Plaintiff "should have known of" the alleged violation no later than August 2012. Cal. Civil Code § 1785.33.[3] Is either party aware of any caselaw supporting or rejecting this position?

    b.    Because Defendant allegedly provided incomplete or inaccurate information to consumer credit reporting agencies on a monthly basis, does California's "continuous accrual" doctrine apply to Plaintiff's claim? *See Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013) ("[U]nder the theory of continuous accrual, a series of wrongs or injuries may be

---

[3] Section 1785.33 provides: "An action to enforce any liability created under this chapter may be brought in any appropriate court of competent jurisdiction within two years from the date the plaintiff knew of, or should have known of, the violation of this title, but not more than seven years from the earliest date on which liability could have arisen, except that where a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to a consumer and the information so misrepresented is material to the establishment of the defendant's liability to the consumer under this chapter, the action may be brought at any time within two years after the discovery by the consumer of the misrepresentation."

viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."); *cf., e.g.*, *Vasquez v. Bank of America, N.A.*, No. 15-cv-04072-RS, 2015 WL 7075628, *4 (N.D. Cal. Nov. 13, 2015) ("If a bank repeatedly reports inaccurate information to a credit reporting agency that has a negative impact on a consumer's credit, each inaccurate report is a separate and distinct harm for which the FRCA provides a remedy."); *Farrell v. Portfolio Recovery Assoc.*, No. CV 14-03941 RGK, 2014 WL 7745881, * (C.D. Cal. Sept. 19, 2014) (citing cases for proposition that "each transmission of the same credit report constitutes a separate claim to which a separate limitation period applies," including "with respect to CCRAA claims").

    4.    The fourth argument in Defendant's motion to dismiss is that Plaintiff's CCRAA claim for relief fails to state a claim for 27 violations.

    a.    Are the parties aware of any caselaw that analyzes this question in light of California Civil Code section 1785.31(a)(2)(B), which provides for damages "for each violation"?

    b.    Does the FCRA contain any language that is parallel to section 1785.31(a)(2)(B)?

    c.    If each inaccurate credit report is a separate and distinct injury for the purpose of the statute of limitations, is it also a separate and distinct violation under section 1785.31(a)(2)(B)?

**IT IS SO ORDERED.**

Dated: April 6, 2016

JEFFREY S. WHITE
United States District Judge